IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| 3 MARK ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ABRAMS-SCHILLER LIVING TRUST; JAMES ABRAMS, an individual; KELLY CRABB, an individual; and MORRISON FOERSTER, LLP,<br><br>Defendants. | ORDER<br><br>Case No.  2:09CV780 DAK |
| JAMES ABRAMS, an individual;<br><br>Counterclaimant,<br><br>vs.<br><br>3 MARK ENTERTAINMENT, LLC, a Delaware limited liability company, TWO ROADS PRODUCTIONS, INC., a Colorado corporation, and MITCHELL A. DAVIS, an individual<br><br>Counterclaim Defendants. | |

This matter is before the court on Defendant/Counterclaimant James Abrams' ("Mr. Abrams") Motion for Summary Judgment and on Plaintiff/Counter Defendant 3 Mark Entertainment LLC's (3 Mark") "Objection" to Order Granting Motion to Modify Order, Motion

for Discovery, and Motion for Partial Summary Judgment. The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to local rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f). Now being fully advised, the court renders the following Order.

**I.    OBJECTION TO ORDER GRANTING MOTION TO MODIFY ORDER**

Based on this court's final Order and Judgment,[1] Mr. Abrams obtained a Writ of Execution on June 17, 2011.[2] Since that time, 3 Mark has attempted to quash the writ,[3] stay the writ,[4] and finally, obtain a temporary restraining order regarding a Sheriff's Sale pursuant to the writ. Ultimately, on August 4, 2011, the court found that the motion to quash and the motion to stay were moot, based upon Abrams' voluntary suspension of his effort to proceed with execution until the court resolved the issue of whether any of 3 Mark's claims survive the February 4, 2011 Order.[5]

As promised, Abrams filed a Motion for Summary Judgment on 3 Mark's Remaining

---

[1] *See* Docket Nos. 51 & 52, respectively, and Docket No. 92, which reaffirms the final nature of the previous Order.

[2] *See* Docket No. 68.

[3] *See* Docket No. 69.

[4] *See* Docket No. 72.

[5] *See* Docket No. 92.

Claims.[6] On September 15, 2011, Abrams also filed a Notice of Intent to Proceed with Sale Pursuant to Writ of Execution.[7] On September 20, 2011, 3 Mark filed an Objection to the Notice, and on September 27, 2011, 3 Mark filed a Motion for a Temporary Restraining Order to stop the Sheriff's Sale.[8] The court held oral argument on September 28, 2011, and granted 3 Mark's motion, stopping the Sheriff's Sale until the court ruled on the pending Motion for Summary Judgment, which the court anticipated would be by the end of November 2011.[9]

On September 29, 2011, Defendant filed a Motion to Modify the court's September 28, 2011 Order to ensure that the property at issue was not sold, or otherwise encumbered.[10] The court granted the motion the next day.[11] 3 Mark now objects that the court did not give it time to oppose the motion.

While it is true that the court did not wait for the motion to modify to be fully briefed, time was of the essence and the court granted Abrams' motion because the court had previously contemplated including such language in the initial Order granting 3 Mark's TRO. Ultimately, the court concluded that it was so obvious that 3 Mark should not take any action pertaining to

---

[6] *See* Docket No. 96.

[7] *See* Docket No. 98.

[8] *See* Docket Nos. 100, 108.

[9] *See* Docket No. 115.

[10] *See* Docket No. 116. Defendant also filed a Motion to Shorten the Time for 3 Mark to Oppose the motion. Because the court immediately ruled on the motion, the motion to shorten time was moot.

[11] *See* Docket No. 118.

the property subject to the Writ of Execution (i.e., the Film), that the court did not think it was necessary to explicitly so state in the Order granting 3 Mark's TRO.[12] The next day, when the court received Abrams' motion to add the language that the court thought was already implicit in the Temporary Restraining Order and the posture of this litigation, there was no reason for the court to wait for a response.

Having now considered 3 Mark's response in opposition to the motion and its Objection to the Order, the court overrules the objection and reaffirms its Order Modifying the Temporary Restraining Order.

II. **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S 56(F) MOTION FOR DISCOVERY**

Although this court previously granted Mr. Abrams' Motion for Partial Summary Judgment, which the court believed resolved the claims against him, Mr. Abrams, out of an abundance of caution, has now moved for summary judgment on the claims that 3 Mark contends still remain in this action (the "Remaining Claims"). In the instant motion, Mr. Abrams contends that he is entitled to summary judgment on the Remaining Claims because this court has already rejected the claims in ruling on Mr. Abrams' previous motion for partial summary judgment, which the court granted on February 4, 2011. In that ruling the court ruled that the promissory note ("Note") executed in favor of Mr. Abrams for $3 million dollars was valid and enforceable, and that 3 Mark's failure to pay the full amount due under the Note was a breach

---

[12] See Docket No. 115 at p.2, stating "[w]hile the court is troubled by 3 Mark's purported actions to encumber the property at issue . . ."

thereof.  Having carefully reviewed the supporting memoranda regarding Abrams' Motion for Summary Judgment, along with 3 Mark's Memorandum in Opposition to the motion, the court agrees that February 4, 2011 Order foreclosed all of 3 Mark's Remaining Claims for relief as pled in its Complaint.  Having now so ruled, the court hereby vacates the Temporary Restraining Order that was in place during the consideration of Abrams' Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons and good cause appearing, IT IS HEREBY ORDERED that:

(1)   Defendant James Abrams' Motion for Summary Judgment [Docket No. 96] is GRANTED, and all of 3 Mark's claims against Mr. Abrams are DISMISSED with prejudice;

(2)   The Temporary Restraining Order [Docket No. 115] is VACATED, and Mr. Abrams may execute on the Writ;

(3)   Plaintiff 3 Mark's Motion for Discovery [Docket No. 125] is DENIED;

(3)   Mr. Abrams Motion Shortening Time for Opposition [Docket No. 117] is DENIED AS MOOT; and

(4)   Plaintiff 3 Mark's Motion for Partial Summary Judgment on Mr. Abrams' Counterclaims [Docket No. 132] remains pending, as does Mr. Abrams' Second Motion to Compel [Docket No. 135].

DATED this 28th day of November, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge